**E. A. and Vonna Jo GREGORY,**
**Plaintiffs,**

v.

**BOARD OF GOVERNORS OF the**
**FEDERAL RESERVE**
**SYSTEM, Defendant.**

Civ. A. No. 79–1787.

United States District Court,
District of Columbia.

March 3, 1980.

Gary L. Ryan, McDermott, Will & Emery, Washington, D. C., for plaintiffs.

Thomas R. Kline, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM

AUBREY E. ROBINSON, Jr., District Judge.

Before the Court are Cross Motions for Summary Judgment in this Freedom of Information Act (FOIA) litigation. The case involves three documents or parts thereof and the legitimacy of their non–disclosure pursuant to two FOIA exemptions.

## I. Exemption 5

Defendant has withheld, pursuant to exemption 5 (1) the names of employees who drafted certain documents, (2) a proposed order and press release, (3) a document reflecting on the applicability of the Sunshine Act to a particular Federal Reserve Board meeting, and (4) an opinion regarding the closing of a state bank.

 Exemption 5 permits agencies to withhold information that reflects the deliberative processes of the agency. Exemption 5 applies only to information that is "predecisional and deliberative." *Jordan v. Dept. of Justice*, 591 F.2d 753, 744 (D.C.Cir. 1978). It is undisputed that all of the documents were drafted prior to the relevant Board meeting. Only the deliberative aspect of the documents is in issue. As this Court stated in *Texas Instruments, Inc. v. U. S. Customs Service*, 479 F.Supp. 404, 406 (D.D.C.1979), "It is clear that . . . raw data . . . is 'factual' and must be released. It is equally clear, however, that analyses of that information, the factual findings made, and the analyses of those findings are all part of the 'deliberative process' and therefore fall within exemption 5." Even if information is purely factual, it may be withheld if disclosure would reveal the deliberative process. *Mead Data Central, Inc. v. U.S.A.F.*, 575 F.2d 932 (D.C. Cir.1978).

 In the instant case, the proposed order and press release reflect the advice of an employee of the Federal Reserve Board. Likewise, the applicability of the Sunshine Act to the meeting in question was a matter of opinion offered in the context of an agency decision. Thirdly, the opinion regarding the closure of the state bank was relevant to an application decision pending before the Board. All of the above formed an integral part of the deliberative process of the Board's decisions, and fall within the scope of exemption 5. The failure to disclose the names of the documents' authors does not fall neatly within the parameters of exemption 5, however.

The agency alleges a series of probabilities in order to withhold the authors' names pursuant to the fifth exemption. The Board reasons that (1) contents of the documents are appropriately withheld pursuant to exemption 5, (2) Plaintiffs still seek the information, (3) upon receipt of the authors' identities, Plaintiffs would request the information directly from the authors, (4) this would lead to harassment of the employees, which would (5) detrimentally effect their willingness to partake candidly in the deliberative process. As support for this proposition, Defendant cites *Brinton v. Department of State*, 476 F.Supp. 535 (D.D.C. 1979). That case involved highly sensitive foreign policy decisions subject to intense public scrutiny. The Court in *Brinton* felt that subjecting employees to intense public scrutiny regarding sensitive areas in foreign policy might detract from the deliberative processes. Both the probability of an effect on the deliberative processes, and the magnitude of that effect were significantly greater in *Brinton* than are present in the instant case.

 Any exemptions to FOIA's broad policy of disclosure must be carefully and narrowly construed, *Department of Air Force v. Rose*, 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976), and the burden of proof is on the government to justify a decision to withhold information, 5 U.S.C. § 552(a)(4)(B). The government has failed to meet this burden. The authors' names must be disclosed to Plaintiffs.

## II. Exemption 4

The Board has withheld a sentence indicating the source and amount of funds used by the First Alabama Bancshares to acquire a new bank, and justifies the nondisclosure pursuant to exemption 4. That exemption applies to "commercial or financial information obtained from a person and privileged or confidential." It is uncontested that the information is financial, was obtained from a person, and is not privileged. The only issue is whether the information is confidential.

▪▪ Information may be withheld pursuant to exemption 4 if "disclosure [would] impair the Government's ability to obtain necessary information . . . or . . cause substantial harm to the competitive position of the person from whom the information was obtained." *Natl. Assn of Govt. Emp. v. Campbell*, 593 F.2d 1023, 1026 (D.C. Cir.1978). The government does not contend that disclosure would impair its ability to obtain information; rather, they allege that disclosure would dull the informant's competitive edge. This assertion is without merit. Neither disclosure of the name of a lender, nor disclosure of the amount of the loan would reveal the terms of the loan, and it is the terms of the loan, rather than the gross amount, that effects competition. *See Comstock International (U.S.A.) Inc. v. Export–Import Bank of U.S.*, 464 F.Supp. 804 (D.D.C.1979). The Board has failed to show the Court any tangible harm to the borrower, much less the substantial harm required by *Campbell, supra*.

An appropriate Order accompanies this Memorandum.